## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **MARIO DAZZA** | * | |
| 323 Lord Byron Lane, Apt. 203 | | |
| Cockeysville, MD 21030 | * | |
| | | |
| Plaintiff, | * | |
| | | |
| v. | * | Case No. |
| | | |
| **KIRSCHENBAUM, PHILLIPS &** | * | |
| **LEVY, P.C.** | | |
| 4645 Executive Drive | * | |
| Columbus, OH 43320 | | |
| | * | |
| Serve On: | | |
| Yale R. Levy, Esq. | * | |
| 4645 Executive Drive | | |
| Columbus, OH 43220 | * | **REQUEST FOR JURY TRIAL** |
| | | |
| AND | * | |
| | | |
| **LEVY & ASSOCIATES, LLC** | * | |
| 4645 Executive Drive | | |
| Columbus, OH 43320 | * | |
| | | |
| Serve On: | * | |
| The Corporation Trust | | |
| Incorporated | * | |
| 351 West Camden Street | | |
| Baltimore, MD 21201 | * | |
| | | |
| Defendants | * | |

---

## CLASS ACTION COMPLAINT
## &
## DEMAND FOR JURY TRIAL

Plaintiff, Mario Dazza, ("Dazza") individually and on behalf of all Maryland residents similarly situated and by his attorneys Matthew Thomas Vocci, Jane Santoni, Chelsea Ortega and Santoni, Vocci & Ortega, LLC, Scott Borison and Legg Law Firm, LLP, and Phillip Robinson and the Consumer Law Center hereby brings this Class Action Complaint and Request for Jury Trial against Defendants Kirschenbaum, Phillips & Levy, P.C. ("Kirschenbaum") and Levy & Associates, LLC ("Levy & Associates") and states:

## I.   INTRODUCTION

1.     The claims outlined herein exemplify certain predatory and deceptive debt collection practices which have garnered headlines and damaged the economy for the past several years in which certain persons and entities involved in the debt collection field flout the law and which have embroiled Named Plaintiff and the putative Class he seeks to represent, who continue to suffer damages and losses directly and proximately caused by Defendants' unsafe and unsound debt collection practices related to the collection of void judgments on behalf of others who had no right to collect any sum through lawsuits filed for which a void judgment was entered.

2.     Specifically, Defendants, as collection agencies and debt collectors for LVNV Funding LLC ("LVNV"), a consumer debt buying company, knowingly collected or attempted to collect from Named Plaintiff and a Class of similarly situated persons based upon void judgments entered in favor of unlicensed, collection agencies throughout the State of Maryland.  A void judgment is legally unenforceable.  Defendants have known the law, and since 2007, the law has been clear that in order for a collection agency to

collect by filing lawsuits or attempt to collect upon a judgment obtained from the lawsuits, a collection agency was required to be licensed by the Maryland Collection Agency Licensing Board before filing the lawsuit and obtaining the judgment.   Further, a person who is required to be licensed as a collection agency may not shield its collection activities through entities like Defendants who are required to have a separate license; all efforts to argue such a limitation on the clear and unambiguous Maryland law have been rejected.

3.     By unfairly and deceptively aiding and collecting upon a void judgment, Defendants have unfairly and deceptively affected the consumer transactions of the putative Class members and asserted rights through the state courts which Defendants knew do not exist or recklessly disregarded.

4.     As a direct and proximate result of Defendants' attempts to collect consumer debts from them, Named Plaintiff and the Class members have been damaged and harmed by : (i) Defendants claiming sums due from Named Plaintiff and the Class members, related to void judgments obtained by unlicensed collection agencies which are not legally due or enforceable; (ii) Defendants  claiming, threatening, and seeking sums, related to void judgments, which those persons are not legally permitted to collect or even attempt to collect; (iii) Defendants assessing interest, fees and costs to the purported judgments against the Named Plaintiff and the Class members which are unenforceable and a nullity; (iv) Defendants recording and filing documents in various state courts and with third parties demanding payments based upon a void, unenforceable judgment entered in favor of an unlicensed collection agency; and (v) Defendants using court documents and forms

3

in connection with a void proceeding that wrongfully simulated legal or judicial process. In addition, Named Plaintiff and the Class members are entitled to statutory damages for Defendants' actions.

## II. PARTIES

5.     Mario Dazza is a resident of the State of Maryland and Baltimore County, Maryland, where the events described herein, as to his situation, occurred.

6.     Defendant Kirschenbaum, Phillips & Levy, P.C. ("Kirschenbaum") is a New York collection agency who collects void judgments in the Maryland courts for unlicensed collection agencies.

7.     Levy & Associates, LLC ("Levy & Associates") is an Ohio collection agency who collects void judgments in the Maryland courts for unlicensed collection agencies.

8.     For example, Kirschenbaum and Levy & Associates collect on behalf of LVNV.  LVNV's judgments have been found to be and declared void by Maryland courts. LVNV and other unlicensed collection agencies have delegated and assigned certain collection duties related to the void judgments to Defendants.  The duties performed by Defendants include demanding and collecting money based on the void and unenforceable judgments. While Defendants know or act with reckless disregard of the fact that the judgments they are seeking to collect upon are void, they conceal such disclosure from the Named Plaintiff and the putative Class while making threats to utilize, and actually utilizing, Maryland state courts for its illegal practices.  Finally, at all times relevant to

4

these proceedings, Defendants and their members were aware of these facts and knowingly continued to collect and attempt to collect on behalf of LVNV and upon information and belief, others, who had void judgments which conveyed no legal right to do so either directly or indirectly in the State of Maryland.

9.     Not named as a Defendant in this action, LVNV Funding, LLC, is a limited liability company and collection agency which according to a prior, final judgment in the Circuit Court for Baltimore City, obtained thousands of void judgments and continued to collect upon those judgments, through Defendants and others, at least into May 2016 -- even though LVNV and Defendants knew LVNV was not licensed when it obtained the judgments and have known since June 2013 that Maryland law determined the judgments to be void.   *See Finch v. LVNV Funding, LLC*, 212 Md. App. 748, 71 A.3d 193, *reconsideration denied* (Sept 3, 2013), *cert. denied sub nom. LVNV Funding v. Finch & Dorsey*, 435 Md. 266, 77 A.3d 1084 (2013).

10.     The State court judgment against LVNV is final and not subject to review by a federal court.

### III.  JURISDICTION AND VENUE

11.     This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 since certain of the claims asserted herein arise under the laws of the United States.  Further, the Court may elect to retain supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.A. § 1367 since those claims are so related to the federal claims asserted herein that they form part of the same case and controversy.

12.     This Court has jurisdiction asserted because the Defendants transact business, perform work, have interests in real property, and provide services in Maryland.

13.     Venue is appropriate in this Court pursuant to 28 U.S.C.A. § 1391 because a substantial portion part of the events or omissions giving rise to the claims before the Court, related to the Named Plaintiff and Defendants, occurred in this District.

14.     Declaratory and injunctive relief is available pursuant to Md. Code Ann., Cts. & Jud. Proc. §§3-401 to 3-415, 28 U.S.C.A. § 2201, and Fed. R. Civ. P. 23 & 57.

## IV. FACTS

### A.     BACKGROUND ON DEFENDANTS AND LVNV

15.     Kirschenbaum is a debt collector that practices throughout the State of Maryland and represents alleged creditors against consumers including the Named Plaintiff and putative Class members.

16.     Levy & Associates is a debt collector and collection agency that practices throughout the State of Maryland and represents alleged creditors against consumers including the Named Plaintiff and putative Class members.

17.     Upon information and belief, Kirschenbaum and Levy & Associates are the same or a similar entity and are acting in concert in collecting invalid judgments given that they share the same principal place of business and the resident agent for Kirschenbaum is listed as the "incorporator" for Levy & Associates according to filings with the Ohio Secretary of State.

18.     The Court of Special Appeals held in a published decision on June 30, 2013

that a judgment in favor of an unlicensed collection agency was void as a matter of law. *Finch v. LVNV Funding, LLC*, 212 Md. App 748 (2013).

19.     On August 31, 2015, the Circuit Court for Baltimore City declared the judgments against the Class members in *Finch v. LVNV* (Case No. 24-C-11-007101) to be void and unenforceable as a matter of law.

20.     Defendants had constructive and record knowledge of these rulings described in ¶¶ 18-19, and upon information and belief, actual knowledge.

21.     Upon information and belief, Defendants have attempted to collect upon or have actually collected upon more than fifty class members in the Class period, which is tolled by Defendants' concealment of the true facts that the judgments entered against the Class member and Named Plaintiff were void as a matter of law and unenforceable based on the express holding of *Finch*.

22.     Defendants and their members and staff attorneys have known about the holding in the Court of Special Appeals decision in *Finch v. LVNV Funding, LLC,* 212 Md. App. 748 (2013), i.e. that judgments obtained from lawsuits filed by an unlicensed collection agency are void as a matter of law, since June 2013 but as a practice they concealed this information from the Named Plaintiff and Class members.

**B.      Background on Named Plaintiff**

23.     On March 18, 2008, LVNV Funding, LLC sued Mr. Dazza in the District Court of Maryland for Baltimore County, Maryland (Case No. 080400091682008) based upon a consumer claim that it acquired in default from another for pennies on the dollar.

LVNV was not licensed as a collection agency when it sued Mr. Dazza and thereafter when it obtained an affidavit judgment of $1,255.04 plus pre-judgment interest and costs against him on June 10, 2008 ("Dazza Judgment").   In accordance with *Finch*, the "Dazza Judgment" was void as a matter of law.

24.     On July 17, 2012, the District Court of Maryland for Baltimore County entered as satisfied the pre-judgment interest portion of the Dazza Judgment pursuant to a Settlement Agreement between the Maryland State Collection Agency Licensing Board in the Office of the Commissioner of Financial Regulation and LVNV.

25.     LVNV then moved on January 17, 2013 to vacate the Dazza Judgment and dismiss the case, which was granted.

26.     However, the Dazza Judgment was reinstated on May 17, 2013, pursuant to LVNV's motion reinstate the judgment in which LVNV stated the Motion to Vacate was mistakenly filed and the judgment was not satisfied.

27.     Mr. Dazza paid LVNV a lump sum payment of $1,400.00 on or about May 26, 2015 in order to satisfy the Dazza Judgment by sending the payment to LVNV's collector, Kirschenbaum, Phillips & Levy, P.C. Mr. Dazza was told that he could not purchase a house until the judgment was satisfied.

28.     Kirschenbaum confirmed receipt of this payment on June 2, 2015 in writing. At no time did Kirschenbaum tell him that the Dazza Judgment was void as a matter of law, was unenforceable, and that he owed no sum of money based upon the judgment.

29.     Mr. Dazza did not become aware that the judgment was void until he

received a notice from the Circuit Court for Baltimore City, Maryland on or about December 10, 2015 informing him for the first time that the judgment was illegal and void.

30.     Mr. Dazza has not had use of the funds which he paid to Defendants that he could have used for other household purposes.

31.     Defendant Levy & Associates filed an "Order of Satisfaction" on behalf of LVNV on July 16, 2015 based on the void judgment.

32.     As a result of Defendants' concealment of the true facts from Mr. Dazza (and the courts), Mr. Dazza did not know that the Dazza Judgment was void and Defendants' collection of his assets was not proper and legal.  Had Defendants disclosed these facts and not elected to conceal them from Mr. Dazza, he could have acted upon his rights to stop Defendants' illegal activity sooner, and not paid the unenforceable judgment.

## C.     THE DEFENDANTS' LEGAL DUTIES RELATED TO THE SUBJECT TRANSACTION

33.     The Court of Appeals in 2005 recognized that a real estate professional who had no direct communication with a borrower nevertheless had a duty to a consumer under the Maryland Consumer Protection Act and Maryland common law to make a "reasonable investigation" of the true facts in the real estate transaction on which the borrower (and other parties) would rely in order to complete the transaction.  *Hoffman v. Stamper*, 385 Md. 1, 867 A.2d 276 (2005).  This duty of care applies to Defendant Kirschenbaum acting as a collector under the Maryland Consumer Debt Collection Act and to Defendant Levy & Associates acting as a collector under the Maryland Consumer Debt Collection Act and as a collection agency under the Maryland Collection Agency Licensing Act in the State

of Maryland.

**D.   MARYLAND'S RESPONSE TO THE UNLICENSED COLLECTION AGENCY AND DEBT COLLECTION CRISIS AS RELATED TO THE PLAINTIFFS**

34.    Defendants are "debt collectors" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6) since they are businesses engaged in purchasing and collecting on defaulted debts for others by using interstate wires and mail, among other acts.  *See also*, *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) (the FDCPA "treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. *See Bailey v. Security Nat'l Servicing Corp.*, 154 F.3d 384, 387 (7th Cir.1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir.1997); *see also Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403−04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106−07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985)").

35.    Defendants also act as "collection agencies" as defined by the Maryland Collection Agency Licensing Act, Md. Code Ann., Bus. Reg. §7-101, *et seq.* ("MCALA").

36.    As part of their routine and on-going collection practices, Defendants regularly collect payments and/or reinstatement sums or short-payoffs, all related to consumer claims, by and through the mails and interstate wires on behalf of LVNV and others.  Defendants also attempt to collect through civil litigation in Maryland Courts initiated by themselves on behalf of others and through their authorized agents and affiliates, including garnishment actions and proceedings.

37.    Under Md. Code Ann., Bus. Reg. §7-301, a person must have a license to do

business as a collection agency in the State of Maryland.

38.     The Maryland Commissioner of Financial Regulation, the state regulator

of persons who acquire consumer debt after default and file lawsuits in Maryland to collect

the debt, has clearly stated that:[1]

> … 4.  The position of the Agency is that, unless otherwise exempt, a person who brings actions in Maryland State courts to collect consumer claims which were acquired when the claims were in default is knowingly and willfully doing business as a "collection agency" in the State under [Bus. Reg.] § 7-101(c).  This includes, but is not limited to, the named Plaintiffs in such judicial actions, which will normally be the owners of the consumer debt.
>
> 5.  Thus the Agency's position is that a Plaintiff in a Maryland State court action brought to collect a consumer claim which was acquired when the claim was in default is required to be licensed as a collection agency under MCALA, and is subject to the regulatory authority of the Agency in the conduct of that litigation.
>
> 6. The position of the Agency is that a person who brings judicial actions in Maryland State courts to collect consumer claims which were acquired when the claims were in default also meet the definition of "collector" under CL § 14-201(b) of the Maryland Consumer Debt Collection Act ("MCDCA," at Commercial Law Article ("CL"), § 14-201 *et seq.,* Annotated Code of Maryland) and of "debt collector" under 15 U.S.C. § 1692(a) of the Fair Debt Collection Practices Act ("FDCPA," at 15 U.S.C. § 1692, *et seq.*)…

39.     Before the 2007 session of the Maryland General Assembly, debt buyers like

LVNV sought to avoid Maryland statutes and regulation by asserting that they were not

subject to Maryland statues addressing collection agencies.  *See*, Legislative History for

2007 chap. 472 (Bus. Reg. 7-101) HB 1324.  As a result, the 2007 General Assembly

---

[1] *In the Matter of:  Midland Funding, LLC, et al.,* before the Maryland State Collection Agency Licensing Board in the Office of the Commissioner of Financial Regulation, CFR-FY-2010-063.

required LVNV, and other debt buyers to acquire a license by October 1, 2007. *Id.* All persons had knowledge of the law.

40.    However, Defendants have attempted to collect from Named Plaintiff and the Class members on behalf of others, who were required to be licensed but who were not, when they filed and maintained lawsuits that resulted in void and unenforceable judgments. Defendants then collected money they had no legal right to collect and concealed that fact from the Named Plaintiff and Class Members.  Defendants know the named Plaintiff's and Class members' judgments are void and unenforceable (as a matter of law) but acted anyway to conceal these facts from the courts and debtors alike.

41.    Following enactment of HB 1324, the Maryland Commissioner of Financial Regulation issued its position on the change in law as DLLR Advisory Notice No. 07-06 ("Advisory").  The Notice clearly stated the Commissioner's official position on the changes to MCALA, i.e.: "… effective October 1, 2007 any person engaged in the collection of a consumer claim the person owns, if the claim was in default when the person acquired it, is required to be licensed as a collection agency pursuant to HB 1324 …".

42.    Defendants have willfully and knowingly sought, directly or indirectly, to collect debts on behalf of their unlicensed principals and void judgments obtained by them, including threatened use and actual use of the court system without the right to do so. Defendants have also recklessly disregarded the notice described in the proceeding paragraphs, failed to conduct reasonable investigations and instead proceeded in their collection attempts with knowledge that the judgments entered against the Class are unenforceable and void. Further, Defendants have conspired with LVNV and others to

collect on these void judgments when they knew as a matter of law that the judgments are void and unenforceable. These are material false and misleading statements and omissions by Defendants which would and have misled the least sophisticated consumer by: (i) enticing voluntary payments for sums not legally due or (ii) led an unsophisticated consumer to forgo a valid defense.

**E.    CLASS ALLEGATIONS**

43.    This action is also properly brought as a Class under Rule 2-231. Named Plaintiff proposes that the Class be defined as follows:

> Those persons in the State of Maryland from whom Kirschenbaum, Phillips & Levy, P.C. or Levy & Associates, LLC have communicated with directly or indirectly for the purpose of collecting a judgment entered in favor of an unlicensed collection agency that filed suit when it was unlicensed.

44.    The particular members of the Class are capable of being described without difficult managerial or administrative problems.  The members of the Class are also readily identifiable from the information and public records and Defendants' business records. Upon information and belief, the size of the Class exceeds fifty persons.

45.    The Class members are sufficiently numerous that individual joinder of all members is impractical.  This allegation is based in part on the fact that Defendants' participation in collection actions related to consumer claims in the State of Maryland exceeds 1,000 cases based upon information and belief, throughout the State of Maryland related to the Named Plaintiff and Class.  Further, upon information and belief, Defendants

have attempted and/or actually utilized the collection tools of the state courts to collect from Class members.

46.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class and, in fact, the wrongs alleged against Defendants by the Class members and the remedies sought by Named Plaintiff and the Class against Defendants are identical, the only difference being the exact sum which each Class Member is entitled to receive.  The common issues include, but are certainly not limited to:

    a.  Whether Defendants may lawfully assess consumer accounts for sums not validly due upon a void judgment in the State of Maryland;

    b.  Whether Defendants may lawfully collect upon a void judgment through a garnishment or threat of garnishment in a Maryland state court;

    c.  Whether Defendants may utilize forms to collect on a void judgment simulates legal or judicial process;

    d.  Whether Defendants disclosed to the Named Plaintiff and the Class members and the Maryland Courts that the judgments they were collecting upon were void and unenforceable or omitted such, material facts;

    e.  Whether Defendants' concealment of the true facts, that the judgments they were collecting were void and unenforceable judgments, tolls any limitations period(s) applied to the Class' claims;

    f.  Whether Defendants knowingly communicated false or misleading information to other persons concerning the void judgments in order to force

the Named Plaintiffs and Class members to pay sums under void and unenforceable judgments;

g.  Whether Defendants are permitted to continue collecting void and unenforceable judgments from the Class; and

h.  Whether the Defendants are liable to the Class members on the supplemental, state law claims asserted herein to permit the Class members to purpose their individual damages in state court.

47.   Named Plaintiff's legal and equitable claims are typical of and identical to each member of the Class and will be based on the same legal and factual theories.

48.   Defendants' defenses (which defenses are denied) would be typical of and identical for each member of the Class and will be based on the same legal and factual theories.

49.   The Named Plaintiff will also fairly and adequately represent and protect the interests of the Class.  Named Plaintiff has retained counsel experienced in consumer class actions, including actions involving unlawful debt collection practices.  Named Plaintiff does not have any interests which might cause him not to vigorously prosecute this action or that are otherwise adverse to the interests of the members of the Class.

50.   Certification of a Class under Rule Fed. R. Civ. P 23(b)(2) and (b)(3) is appropriate as to the Class members in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.  A class action will cause an orderly and expeditious administration of Class members' claims, and economies of time, effort and expenses will be fostered and

uniformity of decisions will be ensured. Certification of the state law claims is also appropriate pursuant to Fed. R. Civ. P. 23(c)(4) to determine the Defendants' liability only and leave to each class member the right to pursuant any actual damages they may have in state court.

51.     Named Plaintiff's claims are typical of the claims of the class members.

52.     Named Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action. He is similarly situated with, and has suffered injuries similar to the members of the class he seeks to represent. Named Plaintiff has been wronged, wishes to obtain redress of the wrong, and wants the Defendants stopped from enriching themselves and others via illegal activities or otherwise perpetrating similar wrongs on others based upon void judgments.

53.     Defendants' failure to disclose the true status of the void judgments they have collected upon as to the Named Plaintiff and Class Members has equitably tolled the running of any limitations that may otherwise apply to the claims of the Named Plaintiff and the members of the Class until Defendants made the disclosures they were required to make or the named Plaintiff and Class Members became aware that the judgments upon which Defendants were collecting were void—a date which is less than a year before the commencement of this action. Defendants may not benefit from their failure to properly and fully disclose the true facts known to them. Defendants' affirmative acts, including using official court forms, are factors that contributed to and delayed the Plaintiff's and others' discovery of the true facts that the judgments the Defendants sought to enforce and collect upon were void and unenforceable.

16

54.     Defendants have known that a judgment entered in favor of an unlicensed collection agency was void since at least June 30, 2013.

55.     The Named Plaintiff and members of the Class were not required to assume that Defendants were engaging in illegal activities with the aid and assistance of the courts. The Named Plaintiff and members of the Class were reasonable in not assuming that Defendants were aiding illegal activities.

56.     Any limitations period that may otherwise apply to claims of the Named Plaintiff and members of the Class is equitably tolled since Defendants had a duty to disclose material facts to the Named Plaintiff and Class related to the void judgments and their illegal status.   The omission of these facts made Defendants' actions unfair or deceptive and otherwise wrong as they asserted a right without a basis to do so.

57.     Due to their presumed and actual knowledge, as described *supra*, Defendants had an appreciation that they were not entitled to receive the benefits they were attempting to collect or actually collecting from the Plaintiff and Class based upon void judgments.

58.     The Class members have suffered damages, losses, and harm similar those sustained by the Named Plaintiff as described *supra*.

### COUNT I
### DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
### AGAINST DEFENDANTS KIRSCHENBAUM AND LEVY & ASSOCIATES

59.     Named Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

60.     Named Plaintiff seeks a declaration that: (a) Defendants are not entitled,

directly or indirectly, as a matter of law to collect against any member of the Class based upon a void judgment; and (b) Defendants may not, directly or indirectly threaten or actually utilize the assistance of any Maryland court to collect or attempt to collect upon any void judgment acquired by an unlicensed collection agency upon a consumer claim.

61.    Defendants should be enjoined from attempting to collect any sums from Named Plaintiff and Class members, directly or indirectly, based upon a void judgment.

WHEREFORE, Named Plaintiff prays that this Court enter judgment in his favor and:

A. Certify this case as a class action with the Named Plaintiff as the Class Representative and his attorneys as counsel on behalf of the Class described herein;

B. Order appropriate injunctive relief against Defendants individually to prevent further violations of law or provide benefits to any person who has acquired a void judgment entered in favor of an unlicensed collection agency, including a preliminary and permanent injunction;

C. Order and declare that as a matter of law, Defendants may not collect directly or indirectly from Named Plaintiff and the Class members' alleged accounts related to any void judgment entered in favor of a collection agency;

D. Order and declare that Defendants is not entitled to the assistance of any Maryland Court to collect any void judgment of Named Plaintiff or the Class members;

E.  Award reasonable attorneys' fees, litigation expenses and costs;

F.  Order other appropriate declaratory relief; and

G.  Provide such other or further relief as the Court deems appropriate.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,
## 15 U.S.C. § 1692, *et seq.*
## AGAINST DEFENDANTS KIRSCHENBAUM AND LEVY & ASSOCIATES

62.  Named Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

63.  Defendants acquired their interest to collect for another in the Named Plaintiff's and Class members' void judgments (entered upon consumer claims) during a period in which they allege (directly and indirectly) the judgments were owed and unpaid and therefore they are debt collectors within the meaning of 15 U.S.C. § 1692a(6).

64.  By communicating with the Named Plaintiff and Class members directly and indirectly and threatening and/or actually pursuing litigation and demanding and collecting sums not legally due from the Named Plaintiff and Class members based upon void judgments, Defendants used false, deceptive, or misleading representations or means in connection with the collection of the consumer debts of the Named Plaintiff and Class members in violation of 15 U.S.C. § 1692e.

65.  By filing documents in the government's and court records throughout the State of Maryland indicating that they have a right to collect payments from the Named Plaintiff and Class Members based upon void and unenforceable judgments in favor of an unlicensed collection agency, Defendants have used a communication in collecting or attempting to collect a debt which improperly implies that the government or a government

19

agency has authorized the collection effort when the government has not done so, in violation of 15 U.S.C. **§** 1692e(9).

66. Defendants' actions described herein constitute unfair or unconscionable means to collect or attempt to collect from the Named Plaintiff and Class Members in violation of 15 U.S.C. § 1692f.

67. Named Plaintiff and the Class Members have suffered actual economic and non-economic damages, as more fully described *supra* and have incurred attorney's fees and court costs as a result of Defendants' illegal debt collection practices and direct and indirect actions described herein.

68. The FDCPA provides for statutory damages in addition to actual damages.

WHEREFORE Named Plaintiff prays that this Court enter judgment in his favor and the Class' favor against Defendants on their FDCPA claims and:

 A. Certify this case as a class action with the Named Plaintiff as class representative and their attorneys as counsel on behalf of the Class and described herein;

 B. Award statutory damages in the amount allowed by the FDCPA equal to $500,000.00 to the Class members;

 C. Award reasonable attorney's fees, litigation expenses and costs; and

 D. Provide such other or further relief as the Court deems appropriate.

## COUNT III
## VIOLATION OF MARYLAND'S CONSUMER DEBT
## COLLECTION ACT, MD. CODE ANN.,
## COM. LAW §14-201, *et seq.* ("MCDCA")
## AGAINST DEFENDANTS KIRSCHENBAUM
## AND LEVY & ASSOCIATES

69.     Named Plaintifff incorporates all preceding paragraphs as if set forth fully herein.

70.     Defendants are collectors by attempting to collect upon debts of the Named Plaintiff and Class members arising out of consumer transactions and upon void judgments on consumer claims entered in favor of unlicensed collection agencies.  Md. Code Ann., Com. Law §14-202(8).

71.     Further, Defendants have maintained that they may continue collection efforts and continue to collect money based on these void judgments against the named Plaintiff and the Class Members, through Maryland Courts, even though they had no legal right to pursue the actions based upon an illegal nullity.  Such threats and actions violate Md. Code Ann., Com Law §14-202(8).

72.     By filing documents in the government's and court records throughout the State of Maryland indicating that they had a right to collect payments from the Named Plaintiff and Class Members based upon void and unenforceable judgments in favor of an unlicensed collection agency, Defendants have used a communication in collecting or attempting to collect a debt which improperly implies that the government or a government agency has authorized the collection effort when the government has not done so, in violation of Md. Code Ann., Com. Law §14-202(9).

73.    By communicating with Named Plaintiff and the Class members in a manner that could reasonably be expected to abuse or harass  Named Plaintiff and Class Members in violation of Md. Code Ann., Com. Law §14-202(6).

74.    Named Plaintiff and the Class members are therefore entitled to their damages and losses described *supra* which have proximately resulted from Defendants' direct and indirect actions in violation of the MCDCA.  Md. Code Ann., Com Law. §14-203.

WHEREFORE Named Plaintiff prays that this Court enter judgment in his and the Class's favor against Defendants on their MCDCA claims and:

A.  Certify this claim as a class action with the Named Plaintiff as the Class Representative and his attorneys as counsel on behalf of the Class described herein for the limited purpose pursuant to Md. Rule 2-231(d) for determining the Defendants' liability to the Class pursuant to the MCDCA;

B.  Award actual damages to Named Plaintiff for his individual damages under the MCDCA in a sum in excess of $75,000 or such amount determined by the jury;

C.  Award reasonable attorneys's fees, litigation expenses and costs; and

D.  Provide such other or further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Named Plaintiff demands a jury trial on all claims so triable.

Respectfully submitted,


//s// *Matthew Thomas Vocci*
Matthew Thomas Vocci
Fed. Bar Number 28235
Jane Santoni, Fed. Bar Number 05303
Chelsea Ortega, Fed. Bar Number 19327
(signed by Matthew Thomas Vocci with permission of Jane Santoni and Chelsea Ortega)
Santoni, Vocci & Ortega, LLC
401 Washington Avenue, Suite 200
Towson, Maryland 21204
Phone: 443-921-8161x405
Fax:  410-525-5704
mvocci@svolaw.com


//s//*Phillip R. Robinson*
Phillip R. Robinson
(signed by Matthew Thomas Vocci with permission of Phillip R. Robinson)
Fed. Bar Number 27824
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD  20910
Phone (301) 448-1304
phillip@marylandconsumer.com


//s// *Scott C. Borison*
Scott C. Borison
(signed by Matthew Thomas Vocci with permission of Scott C. Borison)
Fed. Bar Number 22576
Legg Law Firm, LLP.
1900 S. Norfolk Rd. Suite 350
San Mateo CA 94403

23

MD Office:

5235 Westview Dr. Suite 100

Frederick, Maryland 21703

Phone (301) 620-1016

Borison@legglaw.com

*Counsel for the Plaintiff and Class*