IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARIO DAZZA, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: RDB-16-3954 |
| KIRSCHENBAUM, PHILLIPS & LEVY, P.C., *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Mario Dazza ("Plaintiff" or "Dazza") has brought this putative class action against Defendants Kirschenbaum, Phillips & Levy, P.C. ("Kirschenbaum") and Levy & Associates, LLC ("Levy & Associates") (collectively "Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Count II), and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201, *et seq.* (Count III), in connection with Defendants' efforts to collect on void judgments obtained against Dazza and members of the putative class by LVNV Funding, LLC ("LVNV"), an unlicensed collection agency.[1]  Compl., ¶¶ 1-32, ECF No. 1.  Currently pending before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint, or alternatively, Motion for Stay of Proceedings (ECF No. 9), pursuant to the "Colorado River"

---

[1] As discussed *infra*, Plaintiff alleges that "[Defendants] Kirschenbaum and Levy & Associates are the same or a similar entity and are acting in concert in collecting invalid judgments given that they share the same principal place of business and the resident agent for Kirschenbaum is listed as the 'incorporator' for Levy & Associates according to filings with the Ohio Secretary of State."  Compl., ¶ 17, ECF No. 1.

abstention doctrine articulated by the United States Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). This Court has recently denied a similar Motion to Dismiss, or alternatively, Stay Proceedings in *Doyle v. Frontline Asset Strategies, LLC*, No. RDB-16-3501, 2017 WL 1230819, at *6 (D. Md. Apr. 4, 2017), a related action against two separate debt collectors, also alleging violations of the Fair Debt Collection Practices Act and Maryland Consumer Debt Collection Act with respect to their efforts to collect on void judgments obtained by LVNV. The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). The Defendants have failed to satisfy the criteria for abstention set forth in *Colorado River*, and recently confirmed in *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017). Accordingly, for the reasons stated herein, Defendants' Motion to Dismiss Plaintiff's Complaint, or alternatively, Motion for Stay of Proceedings (ECF No. 9) is DENIED.

<u>BACKGROUND</u>

I.    <u>LVNV Funding, LLC's Maryland State Court Judgment Against Mario Dazza</u>

Plaintiff Mario Dazza ("Plaintiff" or "Dazza") is a resident of Baltimore County, Maryland. Compl., ¶ 5, ECF No. 1. On March 18, 2008, LVNV Funding, LLC ("LVNV"), a collection agency, sued Dazza in the District Court of Maryland for Baltimore County, Case No. 080400091682008, "based upon a consumer claim that it acquired in default from another for pennies on the dollar." *Id.*, ¶ 23. LVNV subsequently "obtained an affidavit judgment of $1,255.04 plus pre-judgment interest and costs against [Dazza] on June 10, 2008 ([the] "Dazza Judgment")." *Id.*

II.     *Finch v. LVNV Funding, LLC* Class Action Filed in the Circuit Court for Baltimore
        City, Maryland

        On November 11, 2009, Larry Finch ("Finch") and Kurt A. Dorsey ("Dorsey"), two

debtors against whom LVNV had also obtained judgments, filed a putative class action

against LVNV in the Circuit Court for Baltimore City, Maryland (the "*Finch* Action") on

behalf of the class of "persons sued by LVNV in Maryland state courts from October 30,

2007 through February 17, 2010 against whom LVNV obtained a judgment for an alleged

debt, interest or costs, including attorneys['] fees in its favor in an attempt to collect a

consumer debt" (the "Finch Class").  *See Finch v. LVNV Funding, LLC*, 71 A.3d 193, 195

(Md. Ct. Spec. App. 2013).  The facts of that action, and its current procedural posture, have

been thoroughly summarized by this Court in the related case of *Doyle v. Frontline Asset

Strategies, LLC*, No. RDB-16-3501, 2017 WL 1230819, at *2 (D. Md. Apr. 4, 2017).

        In summary, Finch and Dorsey (collectively the "*Finch* Plaintiffs") alleged "that

LVNV engaged in illegal collection of debts because LVNV was not licensed as a collection

agency in Maryland, as required by the Maryland Collection Agency Licensing Act

("MCALA"), Md. Code Ann., Bus. Reg. § 7–301."  *Id.*  Upon motion of LVNV, the Circuit

Court dismissed the *Finch* Action, reasoning that all "claims [we]re barred as an

impermissible attempt to mount a collateral attack on the judgments entered by the District

Court of Maryland."  *Id.* at 195-96.  However, on appeal, the Court of Special Appeals of

Maryland reversed the Circuit Court Judgment and remanded the *Finch* Action for further

proceedings in an opinion dated June 28, 2013, holding that "LVNV was not licensed when

it obtained judgments against [the *Finch* Plaintiffs] in the [D]istrict [C]ourt," that "the

underlying [D]istrict [C]ourt judgments [we]re void," and that the "parties may collaterally

3

attack a void judgment in another court." *Id.* at 196, 205.  LVNV subsequently appealed the Judgment of the Court of Special Appeals of Maryland to the Court of Appeals of Maryland, but the Court of Appeals denied certiorari on October 8, 2013.  *See LVNV Funding v. Finch & Dorsey*, 77 A.3d 1084 (Md. 2013).

On remand, the Circuit Court for Baltimore City, Maryland certified the *Finch* Class and declared the judgments entered against the *Finch* Class members in the District Court of Maryland void and unenforceable.  Compl., ¶ 9, ECF No. 1; *see Finch* Action Docket, p. 21, ECF No. 9-3.  The Circuit Court entered a final judgment against LVNV.  *Id.*, ¶¶ 9-10. LVNV has now filed a second appeal in the *Finch* Action, which is currently pending before the Court of Special Appeals of Maryland.  On appeal, LVNV challenges, *inter alia*, the Circuit Court's declaring the judgments obtained by LVNV to be void.  *Finch* Action Not. of Appeal, ECF No. 9-7.  As a member of the putative *Finch* Class, Dazza was sent notice of the pendency of the *Finch* Action and was given an opportunity to opt-out of the *Finch* Class. *See* Admin. Order & Notice, ECF No. 9-4.  The Circuit Court docket confirms that Dazza did not opt-out of the Class Action.  *See Finch* Action Docket, ECF No. 9-3.

III.  <u>Defendants Kirschenbaum, Phillips & Levy, P.C. and Levy & Associates, LLC Collect on LVNV's 2008 Judgment Against Plaintiff Dazza</u>

On July 12, 2012, during the pendency of the *Finch* Action, but prior to the Court of Special Appeals' Judgment declaring the LVNV judgments void and unenforceable, "the District Court of Maryland for Baltimore County entered as satisfied the pre-judgment interest portion of the Dazza Judgment pursuant to a Settlement Agreement between the Maryland State Collection Agency Licensing Board in the Office of the Commissioner of Financial Regulation and LVNV."  Compl., ¶ 24, ECF No. 1.  "LVNV then moved on

January 17, 2013 to vacate the Dazza Judgment and dismiss the case." *Id.*, ¶ 25. That Motion was granted," but "the Dazza Judgment was [subsequently] reinstated on May 17, 2013, pursuant to LVNV's motion [to] reinstate the judgment in which LVNV stated the Motion to Vacate was mistakenly filed and the judgment was not satisfied." *Id.*, ¶¶ 25-26. "Dazza paid LVNV a lump sum payment of $1,400.00 on or about May 26, 2015 in order to satisfy the Dazza Judgment by sending the payment to LVNV's collector, [Defendant] Kirschenbaum, Phillips & Levy, P.C. ("Kirschenbaum")." *Id.*, ¶ 27. Dazza alleges that Kirschenabum and Defendant Levy & Associates, LLC ("Levy & Associates"), also a collection agency, "are the same or a similar entity and are acting in concert in collecting invalid judgments given that they share the same principal place of business and the resident agent for Kirschenbaum is listed as the 'incorporator' for Levy & Associates according to filings with the Ohio Secretary of State." *Id.*, ¶ 17.

"Dazza was told that he could not purchase a home until the Judgment was satisfied." *Id.*, ¶ 27. "Kirschenbaum confirmed receipt of [Dazza's] payment on June 2, 2015 in writing." *Id.*, ¶ 28. "At no time did Kirschenbaum tell [Dazza] that the Dazza Judgment was void as a matter of law, was unenforceable, and that he owed no sum of money based upon the judgment." *Id.*, ¶ 28. As discussed *supra*, the Court of Special Appeals of Maryland held on June 28, 2013 in *Finch v. LVNV Funding*, LLC, 71 A.3d 193, 195 (Md. Ct. Spec. App. 2013) that judgments obtained by LVNV between 2007 and 2010 were void. Dazza alleges that he "did not become aware that the [Dazza Judgment] was void until he received a notice from the Circuit Court for Baltimore City, Maryland on or about December 10, 2015 informing him for the first time that the judgment was illegal and void."

*Id.*, ¶ 29.  "Dazza has not had use of the funds which he paid to Defendants that he could have used for other household purposes." *Id.*, ¶ 30.  "Defendant Levy & Associates filed an 'Order of Satisfaction' on behalf of LVNV on July 16, 2015 based on the void judgment." *Id.*, ¶ 31.  "As a result of Defendants' concealment of the true facts," Dazza alleges that he "did not know that the Dazza Judgment was void and Defendants' collection of his assets was not proper and legal." *Id.*, ¶ 32.  "Had [Kirschenbaum and Levy & Associates] disclosed these facts and not elected to conceal them from [ ] Dazza, he could have acted upon his rights to stop [their] illegal activity sooner, and not paid the unenforceable judgment." *Id.*

IV.    The Instant Putative Class Action Against Kirschenbaum and Levy & Associates

On December 9, 2016, Dazza brought the instant putative class action against Defendants Kirschenbaum and Levy & Associates, alleging "predatory and deceptive debt collection practices" on behalf of "[t]hose persons in the State of Maryland from who Kirschenbaum, Phillips & Levy, P.C. or Levy & Associates, LLC have communicated with directly or indirectly for the purpose of collecting a judgment entered in favor of an unlicensed collection agency that filed suit when it was unlicensed."  *Id.*, ¶¶ 1, 43. Specifically, Dazza alleges that both Kirschenbaum and Levy & Associates have violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Count II), and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201, *et seq.* (Count III).  *Id.*, ¶¶ 62-74.  Dazza requests a Declaration of this Court that neither Kirschenbaum nor Levy & Associates are "entitled, directly or indirectly, as a matter of law to collect against any member of the Class based upon a void judgment" and that they "may not, directly or indirectly threaten or actually utilize the assistance of any Maryland court to

6

collect or attempt to collect upon any void judgment acquired by an unlicensed collection agency upon a consumer claim" (Count I). *Id.*, ¶ 60. Dazza further requests that both Kirschenbaum and Levy & Associates "be enjoined from attempting to collect any sums from [Dazza] and Class members, directly or indirectly, based upon a void judgment" (also Count I). *Id.*, ¶ 61. Now pending before this Court is Kirschenbaum and Levy & Associates' Motion to Dismiss Plaintiff's Complaint, or alternatively, Motion for Stay of Proceedings (ECF No. 9) in light of LVNV's pending appeal in the separate *Finch* Action, pursuant to the "Colorado River" abstention doctrine articulated by the United States Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

<u>STANDARD OF REVIEW</u>

In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the United States Supreme Court made clear that the pendency of an action in state court does not pose an absolute bar to proceedings concerning the same or a similar matter in federal court. *Colorado River*, 424 U.S. at 817. As a general rule, "our dual system of federal and state governments allows parallel actions to proceed to judgment until one becomes preclusive of the other." *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 462 (4th Cir. 2005). Indeed, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them, *Colorado River*, 424 U.S. at 817, and "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not," *Chase Brexton*, 411 F.3d at 462 (quoting *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821)).

There is, however, an "extraordinary and narrow exception" to exercising jurisdiction. *Colorado River*, 424 U.S. at 813. A federal district court may abstain from hearing a case over

which it has jurisdiction in "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89 (1959)). The burden for the party seeking a stay in federal court is high: "[T]he task [of the district court] is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' . . . to justify the surrender of jurisdiction." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25–26 (1983) (citation and internal quotation marks omitted).

Abstention under *Colorado River* is only appropriate if this Court first determines that the federal and state suits are *parallel*. The United States Court of Appeals for the Fourth Circuit "strictly construe[s] the requirement of parallel federal and state suits, requiring that the parties involved be almost identical." *Chase Brexton*, 411 F.3d at 464. The Fourth Circuit has recently explained in *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017) that "even state and federal claims arising out of the same factual circumstances do not qualify as parallel if they differ in scope or involve different remedies." The Fourth Circuit has "held *Colorado River* abstention not proper even though resolution of the state suit might have had a *res judicata* effect on some of the claims in the federal action." *Id.* (citing *McLaughlin v. United Virginia Bank*, 955 F.2d 930, 934 (4th Cir. 1992)). If the proceedings are parallel, this Court must next balance several factors to determine whether the case represents an "exceptional circumstance." The Fourth Circuit has instructed courts to consider the following six factors: "(1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation;

(4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights." *vonRosenberg*, 849 F.3d at 168 (quoting *Chase Brexton*, 411 F.3d at 463–64).

<u>ANALYSIS</u>

The Defendants' sole contention in support of the pending Motion to Dismiss Plaintiff's Complaint, or alternatively, Motion for Stay of Proceedings (ECF No. 9) is that this Court should abstain from deciding the instant case in light of LVNV's pending appeal in the separate *Finch* Action, pursuant to the "Colorado River" abstention doctrine articulated by the United States Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). This Court has recently denied a similar Motion to Dismiss, or alternatively, Stay Proceedings in *Doyle v. Frontline Asset Strategies, LLC*, No. RDB-16-3501, 2017 WL 1230819, at *6 (D. Md. Apr. 4, 2017), a related action against two separate debt collectors, also alleging violations of the Fair Debt Collection Practices Act and Maryland Consumer Debt Collection Act with respect to their efforts to collect on void judgments obtained by LVNV. For the reasons outlined in that Memorandum Opinion and further explained herein, the Defendants have failed to satisfy either prong of the *Colorado River* analysis. First, the instant action brought by Dazza in this Court against Kirschenbaum and Levy & Associates is not "parallel" to the *Finch* Action, now on appeal for the second time before the Maryland Court of Special Appeals, for the purposes of *Colorado River* abstention. Second, the Defendants have failed to overcome the heavy hurdle of establishing that the instant case warrants abstention under the six factors outlined above.

9

I.     The Instant Action Brought By Dazza Against Kirschenbaum and Levy & Associates and the Separate State Court *Finch* Action Against LVNV are Not "Parallel"

Simultaneous federal and state suits are deemed parallel if "substantially the same parties litigate substantially the same issues." *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991).    The Fourth Circuit has reviewed the similarities between concurrent federal and state suits in three key respects: 1) the parties; 2) the legal issues; and 3) the remedy sought. *See, e.g., Great American Ins. Co. v. Gross*, 468 F.3d 199, 207–08 (4th Cir. 2006) (reviewing all three criteria in determining that the district court erred in dismissing the suit on *Colorado River* abstention grounds).    For the reasons discussed herein, the instant action and the *Finch* Action are not parallel because they are insufficiently similar with respect to all three criteria.

The instant action brought by Plaintiff Dazza involves a set of Defendants completely different from the Defendant, LVNV, in the *Finch* Action.    While the *Finch* Plaintiffs alleged "that LVNV's unlicensed collection activities violated the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law §§ 14–201 to 14–204, and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13–301," Dazza has brought this action against Defendants Kirschenbaum and Levy & Associates alleging separate violations of the Fair Debt Collection Practices Act and Maryland Consumer Debt Collection Act with respect to their efforts to collect on the void judgments obtained by LVNV against the putative class members.    Although both actions concern the same judgments obtained by LVNV against Plaintiff debtors in the District Court of Maryland, the Fourth Circuit has recently held in *vonRosenberg v. Lawrence*, 849 F.3d

163, 168 (4th Cir. 2017) that "even state and federal claims arising out of the same factual circumstances do not qualify as parallel if they differ in scope or involve different remedies."

Additionally, the remedies sought in this case are clearly different from those in the *Finch* case. While the *Finch* Plaintiffs and class members recently obtained a monetary judgment against LVNV in the Circuit Court of Maryland for Baltimore City, Dazza seeks, *inter alia*, a Declaration that neither Kirschenbaum nor Levy & Associates is "entitled, directly or indirectly, as a matter of law to collect against any member of the Class based upon a void judgment" and further requests that Defendants "be enjoined from attempting to collect any sums from [Dazza] and Class members, directly or indirectly, based upon a void judgment" (Count I). Compl., ¶¶ 59-61, ECF No. 1.

Some factual overlap between the federal and state suits is insufficient: "The *Colorado River* doctrine does not give federal courts *carte blanche* to decline to hear cases within their jurisdiction merely because issues or factual disputes in those cases may be addressed in past or pending proceedings before state tribunals." *New Beckley Mining Corp.*, 946 F.2d at 1074 (quoting *U.S. v. SCM Corp.*, 615 F. Supp. 411, 417 (D. Md. 1985)); *see also, e.g., Al–Abood v. El–Shamari*, 217 F.3d 225, 232 (4th Cir. 2000) ("Although the two proceedings have certain facts and arguments in common, the legal issues are not substantially the same."). The instant action and the State Court *Finch* Action differ with respect to the parties involved, the issues alleged, and the damages requested, and are consequently not parallel for purposes of *Colorado River* abstention.

II.    The Requisite "Exceptional Circumstances" Warranting Abstention Are Not Present

Even if Dazza's action in this Court were parallel to the *Finch* Action, the *Colorado River* abstention doctrine is nonetheless inapplicable.  As discussed *supra*, the Fourth Circuit has instructed courts to consider the following six factors: "(1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights."  *vonRosenberg*, 849 F.3d at 168 (quoting *Chase Brexton*, 411 F.3d at 463–64).  This Court, however, does not begin its analysis with the balance of factors in equipoise.  Instead, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. Balancing these factors, the Defendants have not overcome the heavy burden against abstention.

There is no real property at issue in this case, so the first factor is not at issue.  *See* Mem. Supp. Mot., p. 6, ECF No. 9-1.  Likewise, the Defendants have conceded that the second factor is not at issue because "neither party is inconvenience[d] by litigation in this [C]ourt."  *Id.*  The thrust of Defendants' Motion is that the third factor—the desirability of avoiding piecemeal litigation—strongly supports abstention. The Defendants argue that the "Maryland appellate court will determine whether LVNV was required to be licensed and therefore whether judgments obtained during its unlicensed period are void" and that

"[w]ithout finality on that issue, this Court would decide a state law issue prior to a ruling by the Maryland appellate court on a specific Maryland state law issue." *Id.* at 8.

However, under clear United States Supreme Court and Fourth Circuit precedent, the inherent difficulties associated with concurrent litigation are insufficient to warrant *Colorado River* abstention. The Supreme Court held in *Colorado River* that "[t]he mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." *Colorado River*, 424 U.S. at 816. Similarly, in *Chase Brexton*, the Fourth Circuit held that the district court erred in finding that "disjointed and unreconcilable" results favored abstention. *Chase Brexton*, 411 F.3d at 465–66. The Fourth Circuit explained that "the threat of piecemeal litigation in the sense that two cases proceed simultaneously thus is not sufficient to support a decision to abstain under *Colorado River*." *Id; see also Gannett Co., Inc. v. Clark Const. Group, Inc.*, 286 F.3d 737, 744 (4th Cir. 2002) ("[F]or abstention to be appropriate, retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly ill-suited for resolution in duplicate forums.").

Defendants contend that the central issue of whether LVNV's State Court judgments against Dazza and putative class members were void has yet to be determined on appeal in the *Finch* Action. However, Defendants overlook the fact that the Maryland Court of Special Appeals has already squarely addressed that question in *Finch v. LVNV Funding, LLC*, 71 A.3d 193, 205 (2013), holding that "LVNV was not licensed when it obtained judgments against appellants in the district court; accordingly, the underlying district court judgments are void." The Court of Special Appeals has previously denied reconsideration of

13

this judgment, and the Court of Appeals of Maryland denied certiorari. The fact that LVNV is again attempting to re-litigate this issue upon a second appeal in the *Finch* Action does not on its own warrant abstention from the instant action. *See, e.g., County v. Fraternal Order of Police, Baltimore County Lodge No. 4*, 144 A.3d 1213, 1223 (Md. 2016) (The law of the case doctrine is a "rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." . . . [u]nder that doctrine, "[o]nce an appellate court rules upon a question presented on appeal, litigants and lower courts become bound by the ruling, which is considered to be the law of the case.") (citations omitted)

The Defendants' additional contentions that the *Finch* Action was filed well before the instant case, that the central issue in this case involves a question of Maryland, as opposed to federal, law, and that the state court proceedings are adequate to protect the parties' rights are equally unpersuasive. The United States Supreme Court has made clear that "[a] court must look at these factors holistically, 'with the balance heavily weighted in favor of the exercise of jurisdiction.' " *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017) (citing *Moses H. Cone*, 460 U.S. at 16). As discussed *supra*, Dazza has raised federal law claims against the Defendants in this case under the Fair Debt Collection Practices Act which, if he prevails, entitle him to statutory damages in addition to actual damages and any recovery he may obtain as a member of the *Finch* Class. Having considered all of the relevant factors holistically, the Defendants have not overcome the "heavily weighted" balance in favor of retaining jurisdiction, and therefore the Defendants have failed to establish the "extraordinary circumstances" necessary to justify *Colorado River* abstention.

CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss Plaintiff's Complaint, or alternatively, Motion for Stay of Proceedings (ECF No. 9) is DENIED.

A separate Order follows.

Dated: April 10, 2017

        /s/
Richard D. Bennett
United States District Judge